**CREATIVE SOLUTIONS GROUP, INC.,**
**Form House Holdings, Inc.,**

v.

**PENTZER CORPORATION, Defendant.**

No. CIV.2000–10684–NG.

United States District Court,
D. Massachusetts.

March 27, 2001.

Mark D. Cahill, Choate, Hall & Stewart, Boston, MA, for Plaintiffs.

Edward Leibensperger, dward Leibensperger, Nutter, McClennen & Fish, LLP, Boston, MA, Sonya Naar, Raj Shah, Law- rence Wojcik, Stephen Agin, Piper, Marbury, Rudnick & Wolfe, Chicago, IL, Defendants.

*MEMORANDUM AND FIRST ORDER ON PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO ANSWER INTER- ROGATORIES AND PRODUCE DOC- UMENTS AND FOR SANCTIONS (# 56)*

COLLINGS, Chief United States Magistrate Judge.

Plaintiffs' Motion to Compel Defendant to Answer Interrogatories and Produce Documents, and for Sanctions (# 56) raises questions regarding a party's obligation to comply with a discovery order while motions for reconsideration of an order refusing to compel arbitration have been filed. The facts are simply stated. The plaintiffs served requests for production of documents and interrogatories upon defendant; rather than responding to the discovery requests, the defendant sought a stay of all discovery and an order compelling arbitration. *See* # 15. The plaintiffs opposed the stay and any order to arbitrate the dispute, and in a separate pleading, filed a motion to compel the discovery (# 20) which they had served. The defendant opposed the motion. *See* # 32. On November 10, 2000, in a margin endorsement, the District Judge to whom the case is assigned allowed the motion to compel (# 20). In an Order dated November 13, 2000, she denied the motion for a stay and refused to compel arbitration.

Rather than comply with the Order compelling discovery, defendant filed two motions for reconsideration of the November 13th Order.[1] The defendant did not seek reconsideration of the November 10th Order compelling discovery explicitly, but in the motions for reconsideration, the defendant did seek an order "stay[ing] proceedings pending reconsideration" or, "[i]n the alternative...[a] stay of all proceedings in the District Court pending [the defendant's] appeal of [the November 13th Order.]". Defendant made no mention, either in the two

---

1. The first (# 43) was filed on November 22, 2000; the second (# 45) on November 29, 2000. The two motions are identical, except that the second has the Local Rule 7.1(A)(2) certification attached. I assume that the second was filed with the certification because the first had been filed without it and counsel was correcting his omission.

motions or its memorandum in support of the motions for reconsideration, of the fact that there was an order compelling discovery outstanding at the time. Since no discovery was forthcoming, the plaintiffs filed the instant motion to compel (# 56).

The District Judge denied both motions for reconsideration in margin endorsements dated January 4, 2001. In an Order Re: Motion for Reconsideration, dated January 5, 2001, she explained her reasons for the denial of the motions and explicitly set forth the basis for her refusal to stay discovery.

A few weeks after the January 5th denial of the motions for reconsideration, defendant filed answers and objections to the plaintiffs' interrogatories and responses and objections to the plaintiffs' document requests.[2] To complete the picture, on March 1, 2001, the Court of Appeals for the First Circuit denied a stay of discovery pending the outcome of defendant's appeal.

At this juncture, what is left for the Court to decide is the question of sanctions. On that issue, the first thing to note is that the plaintiffs have already been granted some sanctions. Specifically, in their first motion to compel (# 20), the plaintiffs sought "reasonable costs, including attorney's fees, that have been incurred in connection with this Motion." See # 20, p. 2. Since the District Judge, as previously mentioned, endorsed that motion "Allowed" on November 10, 2000, and since the defendant never sought reconsideration of that allowance, plaintiffs are plainly entitled to their reasonable costs, including attorney's fees, in connection with obtaining the November 10th allowance of

the motion to compel. See Rule 37(a)(4), Fed.R.Civ.P.

■ Thus, the Court must decide whether the plaintiffs are entitled to an award of reasonable costs, including attorney's fees, in connection with prosecuting the instant motion. I rule that such an award is appropriate in the circumstances of this case and is justified by the defendant's failure to comply with the November 10th Order compelling discovery. See Rule 37(b), Fed.R.Civ.P.

■ The plain fact is that merely moving for a stay does not operate to effectuate a stay unless and until the stay is granted. In the face of the allowance of the motion to compel (# 20) on November 10, 2000, the defendant was under an obligation to obey the Order unless it *sought and obtained* a stay of that specific Order. In this case, no stay of the Order was ever sought; in fact, the defendant did not even seek reconsideration of the allowance of the motion to compel. Rather, it sought reconsideration of the order compelling arbitration and refusing to stay discovery without any mention of the outstanding Order compelling discovery. This is not proper practice. At the very least, defendant was obligated to seek a stay of its obligation to comply with the Order compelling discovery; its obligation to comply is not excused by the filing of the motions for reconsideration of the order refusing to compel arbitration and stay proceedings. A separate motion to stay or for a protective order should have been filed.[3]

Accordingly, it is ORDERED that Plaintiffs' Motion to Compel Defendant to Answer Interrogatories and Produce Documents, and for Sanctions (# 56) be, and the same hereby

---

**2.** Although plaintiffs have complaints about the sufficiency of the defendant's answers and responses, I shall not issue an Order compelling discovery. Rather, the Order I issue herein denying the motion, to the extent it seeks an Order compelling discovery, is without prejudice to filing a motion to compel specific discovery after counsel have engaged in good faith negotiations to resolve their disagreements as required both by Rule 37(a)(2), Fed.R.Civ.P. and Local Rule 7.1(A)(2).

**3.** In this connection, I note that the defendant was at least partially successful when it filed an "Emergency Motion for Protective Order to Prevent the Taking of Depositions Noticed for De-

cember 14 and 15, 2000" (# 47). That motion was filed on December 8, 2000 at the time the two motions for reconsideration were pending. Obviously, the defendant realized that unless it obtained a protective order, the depositions would go forward even though it had sought, in the two motions for reconsideration, a stay of all proceedings. Why it would conclude that seeking and obtaining a protective order relieving it of an Order compelling discovery was not necessary is inexplicable, to say the least. In short, the defendant knew what the proper procedure was and, for some unknown reason, chose not to follow it.

is, ALLOWED to the extent that the Court rules that the plaintiffs are entitled to their reasonable costs, including attorney's fees, in prosecuting the instant motion since the need to prosecute the motion was caused by the defendant's failure to comply with the Order compelling discovery. *See* Rule 37(b), Fed. R.Civ.P. The District Judge has already allowed the plaintiffs the reasonable costs, including attorney's fees, in obtaining the Order compelling discovery.

Therefore, the plaintiffs shall, *on or before the close of business on Monday, April 9, 2001,* file and serve an affidavit or affidavits detailing the reasonable costs, including attorney's fees, incurred in obtaining the Order compelling discovery on November 10, 2000 and in prosecuting the instant motion. The defendant may, *on or before the close of business on Monday, April 23, 2001,* file and serve an opposition to any of the items claimed or the amounts claimed. Thereafter, the Court shall issue a Final Order on Plaintiffs' Motion to Compel Defendant to Answer Interrogatories and Produce Documents, and for Sanctions (# 56) awarding what it determines to be the reasonable costs, including attorney's fees.

It is ORDERED that in all other respects, Plaintiffs' Motion to Compel Defendant to Answer Interrogatories and Produce Documents, and for Sanctions (# 56) be, and the same hereby is, DENIED without prejudice.